Steven Sklaver (237612)
ssklaver@susmangodfrey.com
Kalpana Srinivasan (237460)
ksrinivasan@susmangodfrey.com
Michael Gervais (330731)
mgervais@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100
Facsimile: (310) 789-3150

*Counsel for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.H., a minor, by and through his Guardian, Marc Halpin, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TIKTOK, INC., a corporation, and BYTEDANCE, INC., a corporation,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff C.H., a minor, by and through his guardian, ("Plaintiff), individually and on behalf of all others similarly situated, allege as follows against Defendants TikTok, Inc. ("TikTok") both individually and as a successor-in-interest to Musical.ly, Inc. ("musical.ly") and ByteDance, Inc. ("ByteDance") (collectively, "Defendants"):

I. **INTRODUCTION**

1.     Defendant TikTok maintains and operates one of the fastest growing social media applications in the United States ("App"). The App is a video-sharing network that allows users to create, view, and share short videos.

2.     Unknown and undisclosed to its users, the App collects, stores and uses private, biometric information and biometric identifiers of users and those whose faces appear in users' videos.

3.     The App scans a user's facial geometry and its algorithm subsequently uses that information to determine an estimate of the user's age. The App also scans facial geometry of any subject that appears in a video to allow users to impose animated features onto the video subject's face or otherwise alter the video subject's face. TikTok encourages users to use these facial effects.

4.     Defendants' collection, storage, and use of biometric identifiers or biometric information is in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA").

5.     Despite the BIPA's requirement that private entities such as the Defendants receive informed consent prior to the collection of biometric identifiers or information, Defendants do not inform users that the App collects, captures, receives, obtains, stores, or otherwise uses the biometric identifiers or biometric information of users or the biometric identifiers or biometric information of their video subjects. Given that users are not informed of Defendants' collection of

CLASS ACTION COMPLAINT

biometric identifiers or biometric information, users cannot, and have not, provided informed consent.

6.      Defendants separately violate the BIPA by failing to develop a written policy, made available to the public, that establishes the retention schedule and guidelines for permanently destroying biometric data. Defendants do not disclose what they do with the biometric data, who has access to that biometric data, where that biometric data is stored, how long that biometric data is stored, or any guidelines for the destruction of biometric data.

7.      Plaintiff brings this action individually and on behalf of a proposed class to enjoin Defendants' ongoing violations of the BIPA and to recover statutory damages for Plaintiff and Class members for each violation of the BIPA by the Defendants.

## II.      JURISDICTION AND VENUE

8.      This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a class action in which the amount in controversy is in excess of $5,000,000, excluding interest and costs. Putative Class members and Defendants are citizens of different states. There are more than 100 putative Class members.

9.      This Court has personal jurisdiction over Defendants. Both Defendants regularly conduct business in the State of California, including, actions associated with the misconduct described in this Complaint. Both Defendants maintain their principal places of business in California, and Defendant TikTok, Inc. is incorporated in California.

10.     Venue is proper in the jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. TikTok maintains its principal place of business in this District.

CLASS ACTION COMPLAINT

### III.   **PARTIES**

11.    Plaintiff C.H. is a 16-year old minor and a resident and citizen of Illinois. C.H. brings this action through his father and guardian, Marc Halpin, who is also a resident and citizen of Illinois.

12.    C.H. is a registered user of the TikTok App and has used the App regularly to upload videos and use the App's facial filters on his own image and the images of others who appeared in his videos.

13.    Plaintiff did not know or expect that Defendants collect, store, and use his biometric identifiers and biometric information when he uses the App or that Defendants collect, store, and use the biometric identifiers and biometric information of others whose faces appear in his videos. If Plaintiff had known, Plaintiff would not have used the App.

14.    Neither Plaintiff, nor his legally authorized guardian, ever received notice from Defendants (written or otherwise) that Defendants would collect, store, or use his biometric identifiers or biometric information or that Defendants would collect, store, or use the biometric identifiers or biometric information of those whose faces appeared in videos he uploaded to the App.

15.    Neither Plaintiff, nor his legally authorized guardian, ever received notice from Defendants of the specific purpose and length of time that Defendants would collect, store, or use Plaintiff's biometric identifiers or biometric information or the specific purpose and length of time that Defendants would collect, store, or use the biometric identifiers or biometric information of those whose faces appeared in Plaintiff's videos.

16.    Neither Plaintiff, nor his legally authorized guardian, recall seeing the Terms of Service or Privacy Policies upon registered for an account with the App. Plaintiff does not recall seeing any notification from Defendants regarding changes to these policies.

17.     Defendant TikTok, Inc. is, and at all relevant times, was, a California corporation with its principal place of business in Culver City, California. It is sued in its individual capacity and as the successor-in-interest to Musical.ly, Inc.

18.     Defendant ByteDance Inc. is, and at all relevant times was, a Delaware corporation with its principal place of business in Palo Alto, California. ByteDance Ltd., a company based in China, is the parent corporation of ByteDance, Inc.

## IV.     FACTUAL ALLEGATIONS

### A.     *Biometrics and Consumer Privacy*

19.      Biometrics are unique biological measurements that can be used for identification and authentication.

20.     Common biometric identifiers include retina or iris scans, fingerprints voiceprints, fingerprints, and scans of hand or face geometry.

21.     Recent improvements in facial recognition software has resulted in the growing capture, collection, and use of biometric data in commercial applications. The rise in commercial applications of facial recognition technology has also generated significant concern about the erosion of personal privacy and the potential for abuse inherent in the collection of an individual's unique biological information.

22.     Despite the privacy concerns raised by regulators, legislators, and others, Defendants failed to obtain consent from Plaintiff and Class members before it employed its facial recognition technology on their images.

### B.     *The Illinois Biometric Information Privacy Act*

23.     Illinois recognizes that biometrics are unlike other unique identifiers such as social security numbers or a driver's license that, when compromised, can be changed. Biometrics "are biologically unique to the individual"; therefore, "once compromised, the individual has no resource" and "is at heightened risk of identity theft." 740 ILCS 14/15. To protect the biometric identifiers and biometric

1  information of Illinois citizens, like the Plaintiff and Class members, Illinois enacted
2  the Illinois Biometric and Information Privacy Act ("BIPA") in 2008.

3         24.    Section 15(b) of the BIPA provides that no private entity, such as the
4  Defendants, may collect, capture, or otherwise obtain a person's or a customer's
5  biometric identifier or biometric information, unless it first:

6         (1) informs the subject or the subject's legally authorized representative
7         in writing that a biometric identifier or biometric information is being
         collected or stored;

8         (2) informs the subject or the subject's legally authorized representative
9         in writing of the specific purpose and length of term for which a
         biometric identifier or biometric information is being collected, stored
10        and used; and

11        (3) receives a written release executed by the subject of the biometric
         identifier or biometric information or the subject's legally authorized
12        representative.

13  740 ILCS 14/15(b).

14         25.    The statute defines a "written release" to mean "informed written
15  consent." *Id.*

16         26.    Section 15(a) of BIPA provides:

17        A private entity in possession of biometric identifiers or biometric
18        information must develop a written policy, made available to the public,
         establishing a retention schedule and guidelines for permanently
19        destroying biometric identifiers and biometric information when the
         initial purpose for collecting or obtaining such identifiers or
20        information has been satisfied or within 3 years of the individual's last
         interaction with the private entity, whichever comes first.

21  740 ILCS 14/15(a).

22         27.    Section 15(c) of BIPA provides that no private entity, such as the
23  Defendants, in possession of biometric identifier or biometric information "may
24  disclose, redisclose, or otherwise disseminate a person's or a customer's biometric
25  identifier or biometric information" unless "the subject of the biometric identifier or
26  biometric information or the subject's legally authorized representative consents to
27  the disclosure or redisclosure."  740 ILCS 14/15(d)(1).

28

CLASS ACTION COMPLAINT

28.     Within the definition of a "biometric identifier" in the BIPA, it specifically includes "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10. The statute defines "biometric information" to mean "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.*

29.     BIPA further prohibits a private entity, such as the Defendants, that possess biometric identifiers or biometric information from selling, leasing, trading, or otherwise profiting from a person's or a customer's biometric identifier or biometric information. 740 ILCS 14/15(c).

30.     Any private entity that possesses biometric identifiers or biometric information is required to store, transmit, and protect the biometric identifiers and biometric information using the "reasonable standard of care within the private entity's industry." 740 ILCS 14/15(e).

## C.      *Defendants Violate Illinois's Biometric Information Privacy Act*

31.     ByteDance Inc. is a Delaware corporation. Its parent company, ByteDance Ltd., is based in China.

32.     ByteDance Ltd. initially launched the TikTok App (originally called "A.me" in China but now called "Douyin") in China. In 2016, the App was launched for iOS and Android in markets outside of China.

33.     In 2017, ByteDance purchased musical.ly., a video-based social network that, like the TikTok App, allowed users to create and share short videos. Paul Mozur, *Musical.ly, a Chinese App Big in the U.S., Sells for $1 Billion*, New York Times (Nov. 10, 2017), *available at* https://nyti.ms/2zKQtZv (last accessed May 28, 2020). The Musical.ly App collected, used, stored, and otherwise obtained face scans of users and video subjects to allow the use of face filters without informed consent in violation of the BIPA. TikTok merged the TikTok App with the

Musical.ly App to create a single video-based social network under the "TikTok" name.

34. The TikTok App has become one of the fastest growing social media platforms worldwide and in the United States. It has been downloaded more than 1.3 billion times worldwide and more than 120 million times in the United States.

35. The TikTok App is immensely popular with a younger demographic. "About 60% of TikTok's 26.5 million monthly active users in the United States are between the ages of 16 and 24." Greg Roumeliotis, et al., *U.S. Opens National Security Investigation into TikTok*, Reuters (Nov. 1, 2019), *available at* https://reut.rs/2yFv7fC (last accessed May 28, 2020).

36. The TikTok App uses an artificial intelligence tool that automatically scans the faces of individuals appearing in videos posted to the App to estimate the subjects' ages. *See, e.g.*, Georgia Wells Yoree Koh, *TikTok Wants to Grow Up but Finds it Tough to Keep Kids Out*, Wall Street Journal (Feb. 16, 2020), *available at* https://on.wsj.com/2ZL9uFV (last accessed May 28, 2020).

37. The TikTok App also contains a feature that permits users to superimpose facial features onto a subject's moving face and which allows for editing of facial features. These features work by scanning the unique facial geometry of individuals, like Plaintiff and Class members, that appear in videos posted to the TikTok App.

38. Embedded within the App is another feature that "is designed to let users' face-swap onto a selection of source videos" which "requires TikTok users to create a detailed multiple-angle biometric scan of their faces." Peter Suciu, *TikTok's Deepfakes Just the Latest Security Issue for the Video Sharing App* Forbes (Jan. 7, 2020), *available at* < https://bit.ly/3ero9du> (last accessed May 28, 2020).

39. TikTok's features that result in the capture, collection, and use of scans of facial geometry and facial features raise significant privacy concerns.

CLASS ACTION COMPLAINT

40.     Upon information and belief, Defendant TikTok shares its users' private information, including biometric identifiers and information, with other members of its corporate family during the Class period, including Defendant ByteDance., and with its advertising partners. *See, e.g.* TikTok Privacy Policy (as of May 28, 2020), *available at* https://www.tiktok.com/legal/privacy-policy?lang=en (last accessed May 28, 2020). According to a ByteDance representative "that people made their faces available to other platforms, too." Jay Tolentino, *How TikTok Holds Our Attention* (Sept. 23, 2019), The New Yorker, *available at* < https://bit.ly/3dcku2N> (last accessed May 28, 2020).

41.     Defendants' capture, collection and use of Plaintiff's and Class members' biometric identifiers or biometric information, including but not limited to scans of facial geometry and/or facial landmarks, violates all three prongs of Section 15(b) of the BIPA.

42.     First, Defendants do not inform Plaintiff or Class members or their legally authorized representatives that it collects, captures, receives, obtains, stores, shares or uses their biometric identifiers or biometric information, as required by Section 15(b)(1).

43.     Second, Defendants do not inform Plaintiff or Class members or their legally authorized representatives in writing (or otherwise) of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, or used, as required by Section (b)(2).

44.     Third, Defendants have never obtained a written release or consent from Plaintiff or Class members or their legally authorized representatives before the collection, capture, storage, and/or use of their biometric identifiers and biometric information, as required by Section 15(b)(3).

45.     Defendants also violate Section 15(a) of BIPA, by failing to develop a written policy, made available to the public, establishing a retention schedule and

guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the TikTok App, whichever occurs first.

46.     Defendants' violation of the BIPA have harmed Plaintiff by, among other things, violating their privacy and taking away their right to maintain and control their biometric identifiers and biometric information. Defendants' privacy invasions are especially troubling given that many of its users are minors.

## V.     CLASS ACTION ALLEGATIONS

47.     Plaintiff brings this lawsuit pursuant to Rule 23(a), (b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class:

48.     All individuals who had their biometric identifiers or biometric information, including scans of face geometry, collected, captured, received, or otherwise obtained by the Defendants through the Musical.ly or the TikTok App, while residing in Illinois.

49.     Excluded from the Class are Defendants, as well as its legal representatives, officers, employees, assigns and successors, as well as all past and present employees, officers, and directors of Defendants. Also excluded from the Class is any judge or judicial officer who presides over this action and members of their immediate families and judicial staff.

50.     Plaintiff reserves the right to amend the class definition based on information obtained through discovery or further investigation.

51.     *Numerosity*: The number of Class members is so numerous that joinder is impracticable. Plaintiff will be able to determine the exact number of Class members and identify each Class member through appropriate discovery, including discovery of Defendants' business records. Class members can be ascertained by objective criteria, such as use and geographic information. At a minimum, the Class

contains thousands of persons. The disposition of Class members' claims in a single action will benefit the parties and the Court.

52. ***Commonality***: There are questions of law and fact common to Plaintiff and all Class members that predominate over any questions that affect any individual Class member, including but not limited to:

    a. Whether Defendants collected, stored, or otherwise used Plaintiff's and Class members' biometric identifiers or biometric information;

    b. Whether Defendants properly informed Plaintiff and Class members that it collected, stored, or otherwise used their biometric identifiers or biometric information;

    c. Whether Defendants informed Plaintiff and Class members of the specific purpose and length of term for which their biometric identifier or biometric information would be collected, stored, and/or used;

    d. Whether Defendants obtained written release (as defined in 740 ILCS 14/10) from Plaintiff and Class members to collect, store, and/or use their biometric identifiers or biometric information;

    e. Whether Defendants developed a written policy, made available to the public, including Plaintiff and Class members, that established a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information;

    f. Whether Defendants' violations of the BIPA were committed intentionally, recklessly, or negligently;

    g. Whether Plaintiff and Class members are entitled to statutory damages under the BIPA; and

    h. Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

53. ***Typicality***: All of Plaintiff's claims are typical of the claims of the proposed Class he seeks to represent. His claims arise from the same conduct and practices that give rise to the claims of all Class members and are based on the same legal theories. Plaintiff, like all Class members, has had his biometric identifiers or biometric information collected, stored, and/or used by Defendants without his knowledge and without his informed consent.

CLASS ACTION COMPLAINT

54. ***Adequacy of Representation***: Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no interest adverse to those of other Class members and is committed to vigorously prosecuting this case. Plaintiff has retained counsel skilled and experienced in consumer class actions and complex litigation.

55. ***Superiority***: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Class treatment of common questions is superior to multiple individual actions that would risk inconsistent or contradictory judgments and increase the costs of resolving this matter for all parties and the court system. By contrast, a class action presents far fewer management difficulties and offers the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court. Absent a class action, Class members would find the cost of litigating their BIPA claims prohibitively high and would have no effective remedy. A class action promotes orderly adjudication of the Class claims and presents fewer management difficulties.

## FIRST CAUSE OF ACTION

### Violations of 740 ILCS 14/15(b)

56. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

57. Defendants are "private entities" as defined by 740 ILCS 14/10 because Defendant TikTok is a California corporation and Defendant ByteDance, Inc. is a Delaware corporation.

58. Plaintiff and Class members are individuals who had their biometric identifiers or biometric information collected, captured, received, obtained, stored, and/or used by Defendants through the TikTok App.

CLASS ACTION COMPLAINT

59.    In violation of 740 ILCS 14/15(b)(1), Defendants did not inform Plaintiff and Class members  or their legally authorized representatives in writing that their biometric identifiers or biometric information would be collected or stored.

60.    In violation of 740 ILCS 14/15(b)(2), Defendants did not inform Plaintiff and Class members or their legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used.

61.    In violation of 740 ILCS 14/15(b)(3), Defendants collected, captured, received, otherwise obtained, stored, and/or used Plaintiff's and Class members' biometric identifiers and information without first obtaining a written release.

62.    By collecting, capturing, receiving, otherwise obtaining, storing, and/or using Plaintiff's and the other Class members' biometric identifiers and biometric information, Defendants violated the rights of Plaintiff and Class members to keep private these biometric identifiers and biometric information.

63.    These privacy violations already have harmed Plaintiff and the other Class members and will continue to harm, in an amount to be proven at trial.

64.    Upon information and belief, Defendants' violations of 740 ILSC 14/15(b) were intentional or reckless. Defendants deliberately designed and implemented the artificial intelligence tools and facial filters in the TikTok App that collect, capture, receive, otherwise obtain, store, and/or use biometric identifiers and biometric information. In addition, Defendants intentionally or recklessly did not obtain informed consent before it collected, captured, received, or otherwise obtained, stored, and/or used Plaintiff's and Class members' biometric identifiers or biometric information. In the alternative, Defendants acted negligently by failing ensure that TikTok App users were informed of and consented to Defendants' collecting, capturing, receiving, otherwise obtaining, storing, and/or using their biometric information and biometric identifiers.

65.     Individually and on behalf of the Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and Class members by requiring Defendants to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information; (2) statutory damages of $5,000 for each intentional and reckless violation of BIPA pursuant to 740 ILSC 14/20(2) or, alternatively, statutory damages of $1,000 for each negligent violation pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## SECOND CAUSE OF ACTION

### Violations of 740 ILCS 14/15(a)

66.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

67.     Defendants are "private entities" as defined by 740 ILCS 14/10 because Defendant TikTok is a California corporation and Defendant ByteDance, Inc. is a Delaware corporation.

68.     Plaintiff and Class members are individuals who had their biometric identifiers or biometric information collected, captured, received, obtained, stored, and/or used by Defendants through the TikTok App.

69.     BIPA requires that private entities in possession of biometric data develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Pursuant to BIPA, such companies must adhere to that retention schedule and actually delete the biometric information. See 740 ILCS § 14/15(a).

CLASS ACTION COMPLAINT

70.     Defendants possess the biometric identifiers or information of Plaintiff and the other Class members but do not publicly provide a retention schedule or guidelines for permanently destroying such identifiers or information, as required by 740 ILCS 2313/15(a).

71.     Upon information and belief, Defendants do not maintain retention schedules and guidelines for permanently destroying Plaintiff's and the other Class members' biometric data. Each Defendant has failed or does not intend to destroy Plaintiff's and the other Class members' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

72.     Upon information and belief, Defendants' BIPA violations were intentional and reckless because Defendants deliberately failed to publicly disclose a retention schedule or guidelines for permanently destroying biometric identifiers or biometric information, as required by 740 ILCS 2313/15(a).

73.     Alternatively, Defendants' BIPA violations were negligent because Defendants breached the applicable standard of care by failing to publicly provide a retention schedule or guidelines for permanently destroying such identifiers or information, as required by 740 ILCS 2314/15(a).

74.     Individually and on behalf of the Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and Class members by requiring Defendants to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information; (2) statutory damages of $5,000 for each intentional and reckless violation of BIPA pursuant to 740 ILSC 14/20(2) or, alternatively, statutory damages of $1,000 for each negligent violation pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

CLASS ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**Violations of 740 ILCS 14/15(d)**

75.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

76.     Defendants are "private entities" as defined by 740 ILCS 14/10 because Defendant TikTok is a California corporation and Defendant ByteDance, Inc. is a Delaware corporation.

77.     Plaintiff and Class members are individuals who had their biometric identifiers or biometric information collected, captured, received, obtained, stored, and/or used by Defendants through the TikTok App.

78.     BIPA prohibits private entities from disclosing, redisclosing, or otherwise disseminating a person's or a customer's biometric identifiers or biometric information without first obtaining consent for that disclosure. 740 ILCS 14/15(d)(1).

79.     Defendants disclosed, redisclosed, or otherwise disseminated Plaintiff and Class members' biometric identifiers and biometric information without the required consent pursuant to 740 ILCS 14/15(d)(1).

80.     By disclosing, redisclosing, or otherwise disseminating Plaintiff's and other Class members' biometric identifiers and biometric information, Defendants violated Plaintiff's and Class members' right to maintain control over their biometric identifiers and/or biometric information as codified in BIPA. 740 ILCS 1411, et seq.

81.     Upon information and belief, Defendants' BIPA violations were intentional and reckless because Defendants deliberately disseminated Plaintiff's and Class members' biometric identifiers and biometric information without first obtaining the required consent.

CLASS ACTION COMPLAINT

82.     Alternatively, Defendants' BIPA violations were negligent because Defendants negligently disseminated Plaintiff's and Class members' biometric identifiers and biometric information without first obtaining the required consent.

83.     Individually and on behalf of the Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and Class members by requiring Defendants to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information; (2) statutory damages of $5,000 for each intentional and reckless violation of BIPA pursuant to 740 ILSC 14/20(2) or, alternatively, statutory damages of $1,000 for each negligent violation pursuant to 740 ILCS 14/20(1); and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## VI.     **PRAYER FOR RELIEF**

84.     WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated, requests that the Court enter the following judgment against Defendants:

a.     That this action and the proposed class be certified and maintained as a class action, appointing Plaintiff as a proper representative of the Class herein, and appointing the attorneys and law firm representing Plaintiff as counsel for the Class;

b.     Enter judgment against Defendants on Plaintiff's and Class members' asserted causes of action;

c.     Award statutory damages of $5,000 for each intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), award statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

d.     Award injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring TikTok to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

e.     Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

f.     Pre-judgment and post-judgment interest as provided by law; and

17

g. Such additional and equitable relief that this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: June 5, 2010      Respectfully submitted,

            SUSMAN GODFREY L.L.P.


            */s/ Steven Sklaver*
            Steven Sklaver
            Kalpana Srinivasan
            Michael Gervais

            *Attorneys for Plaintiff and Proposed Class*